UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS TOOLEY, | ) | |
| an individual, | ) | |
| | ) | CASE NO.: 1:18-cv-00208-SEB-TAB |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| GREENDALE 14, LLC, | ) | |
| an Indiana Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this First Amended Complaint and sues GREENDALE 14, LLC, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.  Mr. Tooley resides approximately five (5) minutes away, or approximately four (4) miles, from the shopping center owned by Defendant.

1

4.     Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA.  MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5.     Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis.[1]

6.     Defendant, GREENDALE 14, LLC, (hereinafter referred to as "GREENDALE" or "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana.  Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, a shopping center, which is the subject of this action, to wit: the "Property", known as Greendale Center, generally located at 723 N US 31, Greenwood, Indiana 46142.

7.     All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.     Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.     The Property, a shopping center, is open to the public and provides goods and services to the public.

10.     Plaintiff MR. TOOLEY resides in close proximity to the Property and has visited the Property numerous times over the past year.  During his last pre-suit visit in mid-January 2018, Plaintiff attempted to utilize the goods and services offered at the Property, but was denied

---

[1] Mr. Tooley is capable of walking very short distances without assistance on good days.

equal access due to the numerous architectural barriers discussed herein.  Specifically, Plaintiff's ability to park, transfer out of his vehicle and maneuver from his vehicle to store entrances was impeded and, in some instances completely prevented, due to the architectural barriers discussed herein.  In fact, Plaintiff is <u>unable</u> to park and safely maneuver throughout the Property using his wheelchair and can only visit safely when his pain allows him to do so using his cane or walker.  Consequently, there have been several occasions over the past year when Plaintiff was fully prevented from patronizing the Property because he was using his wheelchair on those days.

11.    MR. TOOLEY has current plans to return to the Property in the near future (and had current plans at the time he filed the initial Complaint).  For example, he plans to meet with work associates to discuss upcoming activities at the Panera Bread restaurant in late April, 2018.  He also plans to shop at Bed Bath & Beyond, Designer Shoe Warehouse and other stores at the Property during the upcoming Thanksgiving and Christmas holidays.

12.    Furthermore, since filing his initial Complaint on January 25, 2018, Plaintiff has already returned to the Property several times to purchase shoes, clothing and other items for a vacation which was planned months prior to filing this action and to eat at Panera Bread.

13.    Plaintiff enjoys visiting the Property because it includes numerous stores and restaurants which he prefers including Designer Shoe Warehouse, Bed Bath & Beyond, Panera Bread, and numerous others.  Additionally, the Property is conveniently located just five minutes from his home and these are the closest locations of the above mentioned stores in relation to his home.  However, but for the barriers to access at the Property, Plaintiff would utilize the Property more often.

14.    While at the property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.  In fact, during his numerous visits, Plaintiff has narrowly avoided several slip and fall type accidents due to the inaccessible condition of the Property as described herein.  Furthermore, due to the barriers, Plaintiff is <u>unable</u> to safely visit the Property using his wheelchair and only attempts to visit when he is well enough to use his walker or cane.

15.    MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards on subsequent visits due to the barriers discussed herein which still exist.

16.    Defendant is in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 C.F.R. § 36.302 <u>et seq</u>. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

      A.    Plaintiff encountered inaccessible parking spaces designated for disabled use due to improper placement of ramps protruding into the access aisles near tenants Bed Bath & Beyond, Destination XL, DSW Designer Shoe Warehouse and Panera Bread.[2]  These barriers, which Plaintiff encountered on multiple occasions, are a real and immediate safety hazard which require that Plaintiff utilize a great deal of extra caution when parking and entering/exiting his vehicle to avoid the risk of a fall.

---

[2] Although there are approximately 500 total parking spaces throughout the Property, there are only about sixteen (16) <u>disabled use</u> parking spaces.  Consequently, Plaintiff's description of the location of the disabled use spaces in relation to certain store entrances is more than adequate to allow Defendant to frame a response.

Furthermore, this issue completely prevents Plaintiff from safely utilizing the above referenced stores when he must use his wheelchair.

B.     Plaintiff encountered inaccessible parking spaces designated for disabled use due to spaces located on excessive slopes with uneven pavement throughout the parking lot, particularly at the spaces provided near Bed Bath & Beyond, Destination XL, DSW Designer Shoe Warehouse and Panera Bread. These barriers, which Plaintiff encountered on multiple occasions, are a real and immediate safety hazard which require that Plaintiff utilize a great deal of extra caution when parking and entering/exiting his vehicle to avoid the risk of a fall.  Furthermore, this issue completely prevents Plaintiff from safely utilizing the above referenced stores when he must use his wheelchair.

C.     Plaintiff encountered inaccessible parking spaces designated for disabled use due to a lack of signage to identify the spaces exclusively for disabled use near tenants Coldstone Creamery, Panera and Beauty Brands.  This lack of accessible signage is confusing to Plaintiff and more importantly, is confusing to able bodied patrons who sometimes unwittingly park in disabled use spaces which are not clearly identified with signage.

D.     Plaintiff encountered a lack of nearby accessible parking spaces serving tenants Lane Bryant and Great Clips.  Consequently, Plaintiff cannot access these stores.

E.      Plaintiff encountered inaccessible parking spaces designated for disabled use due to a lack of nearby curb ramp access connecting the parking with the sidewalk near tenant Coldstone Creamery.  Consequently, when Plaintiff must use his wheelchair, he cannot access the store from the nearly disabled use parking space.

F.      Plaintiff encountered inaccessible curb ramps throughout the Property due to steep running slopes, steep side flare slopes, lack of smooth transitions and, as discussed above, ramps which protrude into disabled use parking spaces located near the entrances to the Jewelry store, Coldstone Creamery, Bed Bath & Beyond, Destination XL, DSW Designer Shoe Warehouse and Panera Bread.  In total, these curb ramp barriers to access, which Plaintiff encountered on multiple occasions, are a real and immediate safety hazard which increase his risk of a fall and require that he utilize a great deal of extra caution when traversing the ramps.  This greatly decreases Plaintiff's access to the stores located at the Property. Furthermore, on days when he must use a wheelchair, Plaintiff does not attempt to use the ramps for fear of a fall.

17.    Plaintiff has visited the entire premises described herein and encountered numerous barriers throughout on multiple occasions.

18.    Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

6

19.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

20.     Johnson County tax records show the Property was constructed over time between 2000 and 2002.

21.     Consequently, Defendant must remove barriers under the new construction standard of the ADA since the Property was constructed after January 26, 1992.

22.     Removal of the architectural barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

23.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.     That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: April 6, 2018.

Respectfully Submitted,

KU & MUSSMAN, P.A.

By:     *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana  46237
Tel: (317) 750-8503
ebohnet@gmail.com

*Attorneys for Plaintiff*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of April 2018, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to:

Abad Lopez
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606

By: <u>*Louis I. Mussman*          </u>.
Louis I. Mussman, Esq.

9